CINCINNATI BAR ASSOCIATION *v.* DEARDORFF.

CINCINNATI BAR ASSOCIATION *v.* HAAS.

[Cite as *Cincinnati Bar Assn. v. Deardorff* (1998), 84 Ohio St.3d 85.]

(Nos. 98–377 and 98–378—Submitted June 24,
1998—Decided November 25, 1998.)

*Paul M. De Marco, John G. Slauson* and *Robert J. Hollingsworth,* for relator.

*Mark H. Aultman* and *Gary A. Rosenhoffer,* for respondent Timothy J. Deardorff (No. 98–377).

*John H. Burlew* and *Bradley G. Haas,* for respondent Loren S. Haas (No. 98–378).

_____

*Per Curiam.*   We adopt the findings of the board.   In order to avoid having St. Paul testify falsely, the respondent attorneys had decided to employ the tactic of a motion to dismiss based on what they .at the time believed were the desires and fears of St. Paul, and the facts surrounding her affidavit.

However, the attorneys went further.   They then proceeded to discuss with St. Paul possible contingent courses of action.   Although St. Paul led them into manufacturing a story by continually asking what would happen if the motion to dismiss were denied, the attorneys should not have suggested that St. Paul testify that she was the instigator of the altercation when that approach had no basis in fact.   Although one of the respondents told St. Paul that they were not telling her to lie, the respondents did tell her that if granted immunity she could say anything she wished and they produced the story she might tell, if required.   We therefore adopt the conclusion of the board that the respondents violated the specific Disciplinary Rules.   We also note that the respondents' attempt to represent both the defendant and the principal witness against the defendant was inimical to the administration of justice.

We adopt also the board's recommendation that respondent Deardorff be suspended for one year, with six months of that suspension stayed.   Respondent Haas is hereby suspended from the practice of law for two years, with one year of that suspension stayed.   Both respondents will also enroll in six· hours of continuing legal education in ethics to be completed within the term of each respondent's suspension.   Costs taxed to respondents.

·   *Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.